By the Court.
The controversy in the present instance must be determined upon the construction of Section 4785-162, General Code (114 Ohio Laws, 708), providing for recounts at a primary or other election. This section provides, in part, as follows: “Any candidate voted for at a primary or other election, * * * by making an application in writing to the board of elections, shall be entitled to have the votes for any such candidate, or other candidates for the same office * * * recounted in any or all precincts, upon the following terms and conditions. Such application must be made not later than the fifth day after the certificate of the official count has been made, and by depositing with the application ten ($10.00) dollars per precinct, or a bond to be approved by the board, to pay the actual cost of such recount, but in no case less than five ($5.00) dollars, and not to exceed ten ($10.00) *586 dollars per precinct, for each precinct in which the recount is desired.”
The rights of the relator must be measured by the requirements of this statute. An analysis thereof shows: First, the application, in writing, to the board of elections in order to entitle the candidate making the same to the recount, is coupled with “the following terms and conditions,” so that the terms and conditions referred to in Section 4785-162 are as essential as the application in writing.
The first condition is that the application must be made not later than the fifth day after the certificate of the official count has been made. The second condition is that such application, by the terms of the statute, is coupled with the language “and by depositing with the application” (a) ten dollars per precinct, or (b) a bond, to be approved by the board, to pay the actual cost of such recount, such bond to be to the approval of the board and in no case less than five dollars per precinct, and not to exceed ten dollars per precinct. That is to say, the terms of the statute require that the bond shall protect the cost of the recount up to ten dollars, and in no case less than five dollars, per precinct.
This provision as to the bond refers to the cost of the recount and not to the amount of the bond as such, because the statute, Section 4785-162, General Code, further provides that: “If the petitioner * * * succeed in establishing error sufficient to change the results * * * then the deposit for such precinct shall be refunded, otherwise, the actual cost of such recount shall be paid into the general fund of the county in which such recount is had * *
The record in the present case discloses that the relator, before the expiration of the fifth day after the making of the certificate of the official count, having filed his application in writing for a recount, failed to deposit the ten dollars in cash per precinct, but depos *587 ited only one-half of that amount, it being necessary to recount the entire county, the election involved being one for a common pleas judgeship; and while the amended petition shows that he was ready and willing to give a bond, no actual tender of a bond appears of record until the filing of the petition herein, which was beyond the period of time fixed by the statute.
This record showing that there has not been a compliance with the statute in providing for a recount, it follows that the Court of Appeals was right in its conclusion in sustaining the demurrer to the amended petition, and its judgment in so doing is therefore affirmed.

Judgment affirmed.

Weygandt, C. J., Day, Allen, Stephenson, Jones and Matthias, JJ., concur.